Good morning, Your Honors. Randy Kravitz on behalf of Appellant Raul Ramos. Your Honors, as the Court knows, this case concerns Mr. Ramos' prior conviction for aggravated assault from 2000 and the question of whether that conviction qualifies as a strike under California three-strikes law. Now, I don't think there's any question that Mr. Ramos' sentence was elevated as a result of a factual determination that was made by a judge, not a jury. And the question was whether or not Mr. Ramos, in committing the assault, personally inflicted great bodily injury on the victim. And as a result of the judge making the finding that he did, that conviction became a strike. And as a result, Mr. Ramos' sentence was elevated to 25 years. And so you are raising the Apprendi issue? That's what I was asking. And the question is why isn't that waived? That's a very good question, Your Honor. Well, first of all, whenever a right is waived, it has to be knowing and intelligent. And Boykin v. Alabama says that a defendant has to be advised of his rights. In this case, he was never advised that he had rights under Apprendi or under the Sixth Amendment to have a jury make this determination. That's my first argument. My second argument, Your Honor. Is there a case supporting that argument? I would cite Boykin v. Alabama, Your Honor, as a general proposition. But, okay, Your Honor, let's say that Mr. Ramos should have known about his right because Apprendi had been decided by the time he waived his right. Well, that brings up a second interesting point. There are actually two sources of a jury trial right at issue here. There's Apprendi and the Sixth Amendment. There's also California statutory law, which also gives a defendant a narrow statutory right to have a jury determine the narrow issue of whether he suffered the conviction itself. What we have here in the record is the judge just asks Mr. Ramos, do you waive your right to a jury? The judge doesn't specify, are you waiving your right under California statutory law to have a jury determine that narrow fact, or are you waiving your rights under Apprendi and the Sixth Amendment? And I would argue, Your Honor, that we can't just presume that Mr. Ramos is waiving his rights under Apprendi when it doesn't, the record doesn't say that. For all we know, it's a statutory, he's waiving his statutory right. It's just, it's a silent record. And I don't believe we can infer a proper waiver to his Apprendi and Sixth Amendment rights under a silent record, Your Honor. So that would be my argument for why it's not waived. Do you have a case supporting that argument? I don't have a specific case, but assuming it's not waived substantively, then the question becomes, does this factual determination that the judge made qualify under the fact of a prior conviction exception under Apprendi and Amandar as torus? And ultimately, the answer to that question is how narrowly one chooses to view that exception. I know there's case law out there where the courts have interpreted it broadly. I would argue, of course, that it should be interpreted narrowly and that the fact of a prior conviction should mean simply that, the fact of a prior conviction. And there's reasons why. For one, that's what Apprendi tells us to do. It says it's a, quote, unquote, narrow exception. That's what the language of the exception says. It's the fact of a prior conviction. It doesn't include the ancillary determinations that are related to a prior conviction. And thirdly, Your Honors, there's a valid rationale for why the exception should be viewed in a narrow way. And the reason is, is because the fact of a prior conviction is generally an undisputed one. It's one that's not subject to much litigation. On the other hand, a determination as to whether a defendant personally inflicted great bodily injury during a group beating is a disputed one. It's a fact-intensive one. So that's why I would argue, Your Honors, that the fact of a prior conviction exception should be interpreted narrowly. Did he, your client, exhaust his State remedies? He did not exhaust his State remedies. All right. And I'd be happy to address that, too, Your Honor. First of all, when it comes to exhausting State remedies, it's not a jurisdictional  matter. The law says that if raising the issue in the State courts would be futile or ineffective, then the requirement to exhaust State remedies may be excused. Now, in this case, the California Supreme Court of People v. McGee, which held that apprendee does not apply to a factual determination such as this. Now, I recognize McGee had not been decided at the time Mr. Ramos had initially entered his waiver. However, by the time the appeal had gone on, was going on, McGee had been decided. And that's the law in California. So to raise the issue that apprendee requires a jury to make this determination would have been flatly rejected by the California Appellate Court. So my argument would be, Your Honor, that it would have been futile and ineffective. Is there any support for that proposition in this context? In other words, that you don't have to exhaust if it would be futile? I have a case in my opening brief. Let me see if I can find it, Your Honor. You know, it's in my opening brief, and I don't have it on my own cheat sheet. Very well. But it is in there. And I think the exact language is futile and ineffective, if I remember correctly. Very well. I have one more question. Certainly, Your Honor. Wasn't your apprentice challenge blurred because you didn't raise this argument before the district court? That's true. It was not raised before the district court. It was raised, actually, I guess in response, if you will, by this Court in the granting of the certificate of appealability. However, there is law, and I think it's somewhat unclear, but it's cited in our briefs that says if the claim is interconnected with one that is already, that was already raised in the district court. And my understanding of the law says when they talk about interconnectedness, does it cause prejudice to the other side to include that claim along with the one that was raised in the district court? And here, although I acknowledge that an apprendi claim is different from a sufficiency of the evidence claim, it involves the same record. It involves the same prior conviction. And I would argue, Your Honor, that it is sufficiently interconnected to grant this court authority, if you will, to entertain that issue even though it was not raised at the district court level. So unless there are any further questions, Your Honor. Not at the moment, counsel. You have reserved time. Great. Thank you. Thank you. We'll hear from the State. Good morning. Deputy Attorney General David Boat for responding. May it please the Court. The apprendi claim raised sui sponte by this Court is unexhausted. Congress has mandated that claims must be exhausted before they can, a petitioner can obtain Federal relief. This claim is unexhausted because it was never raised in any State court, and additionally, it was not raised in the district court. Well, counsel, why shouldn't we consider the claim since it involves a really significant question in constitutional law? Well, the reason is that it's unexhausted. And so even though it is perhaps a question of constitutional law, petitioner never raised this claim either in the trial court or in the California courts to exhaust this claim. And as I was saying, excuse me, Congress has mandated exhaustion, and the main purpose of exhaustion is to protect the principles of comity between the State and Federal courts. Well, let's assume, excuse me, counsel, for just a moment here, if we were to consider the merits of the apprendi claim, how is this case different from the Wilson v. Knowles case? I can answer that question for you, Your Honor. In apprendi, the Supreme Court found that any fact other than a prior conviction which increases the maximum penalty for a crime must be charged an indictment, submitted to a jury, and found beyond a reasonable doubt. In Wilson v. Knowles, this Court found that the particular facts of that case entitled Wilson to an indisputable right to a jury trial. However, this case is distinguishable from the facts in Wilson. In Wilson, I'm sorry, in Wilson pled guilty to approximately causing bodily injury after he flipped his car over when he'd been drinking and injuring his passenger. In a new proceeding, the trial court found that Wilson's prior conviction was a serious felony because he personally inflicted great bodily injury, finding Wilson personally inflicted the injury, bodily injury was great, and the victim was not Wilson's accomplice. This case is distinguishable on two grounds. First, in a prior case, Petitioner admitted that his conviction for assault with great bodily injury, with assault likely to cause great bodily injury, was in fact a serious felony. Moreover, the trial court in this case took judicial notice of that prior conviction. So really the trial court's determination in this case was an historical, judicially noticeable fact, which the Wilson court cited as a proper function for the trial court. In other words, you're contending that in between the conviction that is at issue here as a prior strike and his conviction that is directly before us, there was an intervening conviction in which he conceded that the ---- Yes, Your Honor. Petitioner was convicted of assault with force likely to cause great bodily injury. And then he was convicted of robbery, which is the second strike in this case. During that case, he admitted that his other prior conviction, the assault conviction, was in fact a serious felony under California law. So it's ---- Could he admit that it was a prior strike? Yes. So your contention here is there's kind of a collateral estoppel effect? Either collateral estoppel or the admission itself is compelling evidence that ---- Yes, Your Honor. Okay. Now, the second reason that this case is distinguishable from Wilson is that Petitioner invited the trial court to rely exclusively on the preliminary hearing transcript from the prior proceeding. This reliance places Petitioner in a much different posture than Wilson. The Wilson court's primary concern seemed to be that Wilson had never had the opportunity to challenge the prosecution's evidence that he committed great bodily injury or to present his own evidence on that issue in order to raise reasonable doubt. But counsel, did Ramos here have any reason to contest whether he personally inflicted great bodily harm when he pled guilty to aggravated assault six years before the relevant sentencing hearing? Yes, Your Honor. And in Wilson, that was the court's primary concern, was that during that proceeding, Wilson had not had the opportunity to defend against that charge and submit his own evidence. What my argument is here is by stipulating that the trial court could rely exclusively on the preliminary hearing transcript, Petitioner eliminated the concern that was in Wilson, because Petitioner only wanted the court to make the decision based on the preliminary hearing transcript. Counsel, I'm wondering whether Wilson even is relevant here, because it's not a Supreme Court case, it's only a Ninth Circuit case. What's your take on that? My understanding is that if the Ninth Circuit panel reaches an issue and that this Court finds that the facts of this case fall squarely within that case, that this Court is supposed to follow that case. However, I believe that in this case, for the reasons I've argued, there are two reasons that it's highly distinct from the decision in Wilson. In other words, you're prepared to infer that Wilson can be recognized as Supreme Court authority that's applicable with respect to Apprendi in an AEDPA case? In Wilson, our argument was that under the AEDPA, it was not unreasonable for the State courts to deny that claim. However, the Wilson court found that argument unavailing. And my understanding, so my understanding is that once the Wilson court made that determination that this Court feels that this claim falls squarely inside Wilson, then the court should follow it. However, if this Court finds that the particular facts of this case are really distinct from Wilson, then the court need not follow Wilson or at least may distinguish this case from Wilson. In other words, your position is that the clear rule articulated in the statute, that this Court cannot look to Ninth Circuit authority in determining what constitutional law is clearly established, doesn't apply where an intervening decision of the Ninth Circuit addresses not the general law of the Constitution, but rather the specific application of AEDPA to a particular fact situation. And you say that under those circumstances, the general rule that one panel of the Ninth Circuit is bound by decisions of the other should apply. I believe so, Your Honor. Counsel, let me ask you about the Jackson v. Virginia issue. Why isn't that a matter, in other words, to determine whether it's a strike or not, why isn't that a matter of State law which is not recognizable by the Federal court? That is the Respondent's argument in this case, because reviewing Ground 1 requires reviewing a State court's application of its own sentencing law. In Christian v. Rode, Christian contested the State court's conclusion that a prior Federal conviction met all the elements of State fraud. This Court held that, absent a showing of fundamental unfairness, even a State court's misapplication of its own law does not require habeas relief. What is notable is that this Court did not determine whether the Federal prior conviction actually met all of the elements of State fraud. Rather, this Court found that there was no fundamental unfairness when a State court applies either State law or Federal law in a State sentencing matter. Likewise, in Miller v. Vasquez, the State court found the prior conviction was a serious felony because the Defendant had actually used a weapon. This Court found Miller's claim was an uncognizable question of State sentencing law. In this case, Petitioner does not dispute that he suffered the prior conviction, that the victim suffered great bodily injury, or that he participated in a group beating by kicking and punching the victim. Under these circumstances, the claim does not fall under Jackson review because it involves the State court's interpretation of its own sentencing law. So here, as in Christian, there is no fundamental unfairness to enhancing a Defendant's sentence based on the State court's application of its own law. Now, there is a general rule that you've cited, that this Court must give deference in the U.S. Supreme Court recently said conclusive deference to the State court's determination of State law. Your opponent takes the view that Ninth Circuit decisions interpreting diversity jurisdiction, where the responsibility falls on the Federal court to determine State law, and in which the Ninth Circuit has taken the view that intermediate decisions of the State courts are not conclusive on State law, that the burden falls on the Ninth Circuit itself to predict what the Supreme Court of California, for example, would say if the issue appeared before it. Do you concede that that rule that has grown up in diversity jurisdiction cases has any application to Adipa cases? One might argue that you have to give deference to a justice for the pieces determination of State law if it comes up in an appropriate case. I see that my time has come. Please answer. I don't believe that that has any relevance to this particular case. What I would point out is because the claim was never exhausted, there is no State court decision for this Court to review, which is the primary purpose of Federal review. All right. Thank you, counsel. Your time has expired. Thank you. Mr. Kravis, you have some reserve time. Thank you, Your Honor. Let me ask you that same question. Sure.  which we can't review? Well, of course, my argument would be certainly the Court can reach that issue. For the reason that? Well, the reason is, is because we're not – I disagree with the Respondent that we're – that I'm asking the Court to simply reinterpret State law. What we're doing is we're saying, look, this is the statute for the three-strikes law. This is how the California Supreme Court has interpreted those statutes under facts similar to this, the case of People v. Madiri. And then what we're saying is that, factually, under that – that Supreme Court interpretation, the evidence is insufficient to prove that this particular conviction is a strike. So in other words, Your Honor, I'm not asking this Court to substitute its judgment for the California Supreme Court's in Madiri. I'm asking, as you – as you pointed out, Your Honor, I'm asking what would the – what would the Supreme Court say if this case had gone to the – had – Well, why – why isn't the applicable rule that the diversity – the rule that this Court has adopted for diversity cases simply has no bearing under ADEPI, where Congress has pretty well set the – set the rules, and that if we've got a binding decision of a justice of the peace as to what California law is, we're stuck? Well, but again, Your Honor, I would – and I would – I would agree with that to the extent that count – you're right. This Court has no authority to disagree with the California Supreme Court, the highest – the highest – What about a California justice of the peace? Well, you know, I would argue that – that this Court does have authority. It comes down to California Supreme Court authority. In fact, there was a decision, Gardley v. – and I can't remember the last name of the – of the decision, but it involved a gang enhancement and the California gang enhancement statute. And this Court in Gardley – and I'd be happy to provide the site later if the Court wants me to – the question asked was what would the California Supreme Court do if it had been – if it had substantively addressed this issue? Even though the intermediate court of appeal held a certain way, we're not bound by that intermediate court. We're bound by what – by what the California Supreme Court would say.  And then the last point, Your Honor, I think the Court had expressed some concern about Wilson and its relevancy and I guess whether there is clearly established Supreme Court precedent for the apprending issue. And again, I would just argue – I would reiterate what's in my brief, which is that the Supreme Court precedent is apprending, which says that other than a fact of a prior conviction, any sentence that – or any factual determination that elevates a sentence beyond the statutory maximum must be proven to the jury. Now, there may be – intermediate courts may differ as to the scope of that prior conviction exception, but the law itself is clearly established. Why, if we get to that point, why shouldn't we follow Justice Kennedy's dissent in Cunningham? Clearly, Cunningham doesn't apply to – isn't on all fours with this case. But in analyzing apprendi, Justice Kennedy says you distinguish between facts that relate to the prior conduct of the defendant, which must be found by a jury after a grand jury indictment, and facts that relate to what, in fact, was he convicted of, which is open for trial court determination in evaluating strides. Kind of like the Taylor analysis. Yes. Why shouldn't that apply here? And why didn't the Court essentially follow that approach? That's a good question, why it didn't follow this approach. But again, I would argue that the – you know, the – going back to apprendi itself, and I understand Justice Kennedy's dissent in Cunningham, but apprendi itself says the exception is narrow. That's the exact word it uses. And there are reasons why it's narrow. Again, it's an undisputed factual determination as to whether or not a person suffers the conviction itself, the fact of a conviction. But as this case illustrates, and I know my time is up, as this case illustrates, the question of whether a defendant personally inflicts great bodily injury is a disputed one. That's what I contend. Thank you very much, counsel. The case just argued will be submitted for decision.
judges: Singleton, Nelson, O'Scannlain